**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMUEL WINDHAM, JR., | No. 09-15584 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 2:05-cv-00954-GEB-GGH |
| CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted May 25, 2010[**]

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

Samuel Windham, Jr., a California state prisoner, appeals pro se from the

district court's summary judgment for defendants in his 42 U.S.C. § 1983 action

alleging Eighth and Fourteenth Amendment violations related to defendants'

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, we deny Windham's multiple motions for oral argument.

placement of metal restraints on his burn-damaged wrists and ankles, his transfer from one prison to another and his medical treatment at the new prison. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir. 2002), and we affirm.

The district court properly granted summary judgment on Windham's deliberate indifference claims because he failed to raise a genuine issue of material fact as to whether or not the defendants knew of, and disregarded, an excessive risk to his health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

The district court properly granted summary judgment on Windham's due process claims challenging his transfer to administrative segregation at CSP-Solano because prisoners generally have no protected liberty interest in being incarcerated at a particular prison or against placement in administrative segregation. *See Meachum v. Fano*, 427 U.S. 215, 225-27 (1976) (holding prisoners have no due process interest protecting against transfer from one institution to another); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997) (recognizing that "the Ninth Circuit explicitly has found that administrative

segregation falls within the terms of confinement ordinarily contemplated by a sentence").

Because Windham did not establish that his placement in administrative segregation violated his due process rights, the district court properly granted summary judgment for defendants on Windham's conspiracy claim derived from his underlying constitutional claims. *See DeGrassi v. City of Glendora*, 207 F.3d 636, 647-48 (9th Cir. 2000) (affirming dismissal of conspiracy to violate civil rights, where the challenged conduct had been held not to violate plaintiff's civil rights).

Windham's remaining contentions are unpersuasive.

**AFFIRMED.**

09-15584